RICHARD E. STAUDACHER v. SHARON W.
STAUDACHER, NOW KNOWN AS
SHARON W. WROBEL.

246 N. W. 2d 34.

August 27, 1976—No. 45545.

*Richard E. Staudacher*, pro se, for appellant.

---

*Hartke, Atkins & Montpetit* and *Joel A. Montpetit,* for respondent.

PER CURIAM.

Plaintiff, Richard Staudacher, appeals from an order of the District Court of Ramsey County awarding custody of his daughters to their mother, the defendant Sharon Wrobel. The only issue is whether or not the evidence supports the court's finding that the children's mother "has the greater capacity to serve the best interests and welfare of the minor children." We hold that the record sustains that finding and therefore affirm.

The parties were married October 21, 1966. The children who are the subject of this litigation are Sonja Marie born August 28, 1967, and Sara Beth born May 4, 1969. In anticipation of a divorce, which was granted February 23, 1973, the parties entered a stipulation by the terms of which custody was granted to the mother. One of the terms of the stipulation, which was inadvertently omitted from the decree, provided that the mother would forfeit her right to custody if she removed the children from Minnesota without the father's permission. This contingency occurred in August 1973 when the mother took the children to stay with her parents in Michigan. Thereupon the father applied for and secured an order of the District Court of Ramsey County on November 8, 1973, awarding him custody. A week later he appeared at their grandparents' home in Michigan, physically removed the children, and returned them to Minnesota.

On December 1, 1973, the mother married one Robert Wrobel and established her residence again in Ramsey County. On December 18, 1973, she applied to the district court for an order restoring to her the custody of her daughters. The matter was assigned to a referee of the family court. A comprehensive report was prepared by a court services officer who recommended that custody be restored to the mother.

On October 30, 1974, the district court again amended the divorce decree awarding the mother custody subject to visitation by the father. In support of its order the court found the mother had provided the children sufficient and adequate care, control, and supervision while they were in her custody. The father had been hospitalized for 2 months from February to April 1974 for viral myocardiopathy and his physician expressed doubt that for the time being the father could assume the role of custodial parent. The court further found that although both parents were devoted to their children each had subverted the best interests of the children to their own selfish interests, but the court concluded that the mother had the "greater capacity to discharge parental responsibility."

These findings are amply supported by the evidence. Although both parents have twice been married and twice divorced and neither has demonstrated a commendable concern for the children, the record indicates that the mother has established a home for her daughters, now 7 and nearly 9, and has consistently supported them by her own efforts since the time of their birth. The father, on the other hand, has suffered from both physical and psychological disabilities which are reflected in his inability to maintain continuous employment. However, in recognition of his affection for his daughters the court approved liberal rights of visitation.

On the facts recited we believe the trial court properly exercised its discretion and the order appealed from is accordingly affirmed.

Respondent is awarded attorneys fees in the amount of $350.

Affirmed.